## Case No. 5,191.

### GALE et al. v. SAUERWEIN.

[1 Hughes, 332.] [1]

Circuit Court, D. Maryland. July 1, 1864.

---

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

William F. Frick, for plaintiffs.

William Price, Dist. Atty., and N. J. Thayer, Asst. Dist. Atty., for defendant.

GILES, District Judge. This action has been brought by the plaintiffs (who are tobacco manufacturers in this city) to recover back from the defendant the amount of certain duties on manufactured tobacco, paid by them under protest to defendant as collector of internal revenue for this district. The amount sought to be recovered in this action is the sum which plaintiffs were compelled to pay on the stock they had on hand on 1st July, 1864, which, when added to the sums they had paid on said stock before the last act went into operation, would make a sum equal to the increased duty imposed by said act. The case has been submitted to the court upon a case stated, which shows the following facts: That the plaintiffs have their factory on Barre street, and their store and warehouse on Camden street, in this city, to which they removed their manufactured tobacco for sale; that prior to 1st July, 1864, they made returns to the assessor of this district, of all the tobacco manufactured by them at the said factory, which was sold or removed for consumption or sale to their store, according to the form prescribed by the commissioner of internal revenue; and they punctually and regularly paid upon the tobacco so returned the duties imposed by the act of congress passed July 1, 1862. That on the 1st day of July, 1864, the plaintiffs had in their store on Camden street a large quantity of manufactured tobacco (removed from their factory on Barre street) for sale, on which the duties had been regularly paid before the 1st day of July, 1864, to the defendant, as collector of the internal revenue for this district. That after the last act (which imposed higher duties) went into operation, the defendant required the plaintiffs to render to him an account of all their manufactured tobacco then on hand and unsold, and they were compelled to pay the increased duty on the same by paying a sum which, added to the duty paid by them on said goods before, made the sum equal to the duty imposed by said last-mentioned act. The facts of the case are stated at length in the "case stated," but I have thus briefly given sufficient to show the question which is submitted for my adjudication. The case has been ably argued by the learned counsel engaged in it, and is one not free from difficulty. The objection that has been raised to the plaintiff's right to recover in this case is, that the duties paid by them on the manufactured tobacco remaining in their store for sale on the 1st July, 1864, and which duties were paid from time to time as the said manufactured tobacco was removed from the manufactory of plaintiffs to their store for sale, were not due and demandable when paid; that no duty was imposed on it by the act of 1862 until it was manufactured and sold, or removed for consumption or delivered to others than agents of the manufacturers; and that the payments therefor made by plaintiffs are to be considered as voluntary payments, and not the payment of duties required by the act of 1862.

This is undoubtedly the provision of the law of 1862 in reference to the tax on tobacco and other manufactures, in this respect differing from the provisions of the same law in relation to the tax on distilled spirits, which was required to be paid on the number of gallons distilled and sold or removed for consumption or sale. But in the view I take of this case, it does not depend upon the provisions of the act of 1862, but on the construction which may be given to the proviso in the 173d section of the act of 1864. It does not depend upon the question "whether the duties when paid were legally due and demandable," but whether they were actually paid before the 1st of July, 1864, as I shall endeavor to show. Now the general scope and intent of the act of 1864 is to tax only future manufactures and productions. Its general provisions and penalties only apply to future acts. This will appear by reference to the various sections requiring licenses, the sections imposing duties on distilled spirits, and the sections imposing duties on other manufactures and productions.

Now such being the general provisions of the law, if the provision in the 173d section had been omitted there could have been no duty collected from manufactured goods in the possession of the manufacturer on the 1st of July, 1864, in any case. Now in reference to tobacco, this is clear from the 90th section of the act, which requires every one engaged in the manufacture of tobacco to render a true statement of all his stock on hand on the 1st July, 1864; and then provides that every such person shall keep in a book an account of all the articles thereafter purchased by him, the quantity of tobacco, snuff, etc., sold, consumed, or removed for consumption or sale from the place of manufacture; and shall in every week furnish the assistant assessor of the district a true and accurate copy of the entries in said book during the preceding week; upon which an assessment of the duties due by said person shall be made and transmitted to the collector of the district, to whom the duties shall be paid within five days. And the same is equally clear with reference to distilled spirits. For by the first paragraph of the 55th section the duty is to be levied and collected

·on all spirits that may be distilled and sold, or distilled and removed for consumption or sale, on or after the 1st of July, 1864. And if the second paragraph had not been added to said section the duty would have been imposed only on spirits distilled since 1st July, 1864. That part of the section is as follows: 'And all spirits which may be in the possession of the distiller or in public store or bonded warehouse on the 1st day of July, 1864, no duty having been paid thereon, shall be held and treated as distilled on the 1st day of July, 1864, and so liable to the increased duty." This is the same in effect in reference to spirits as the proviso in the 173d section in reference to other manufactures, and I shall not further notice it. Now the proviso in said section is in the following words: "And provided further, that all manufactures and productions on which a duty was imposed by either of the acts repealed by this act, which shall be in possession of the manufacturer or producer, or of his agent or agents, on the day when this act takes effect, the duty imposed by any such former act not having been paid, shall be held and deemed to have been manufactured or produced after said date," and so liable to the increased duty.

Now, they become liable on two conditions, both of which must concur: They must be in the possession of the manufacturer or his agent on the 1st of July, 1864, and no duty paid on them. Now, if any other construction is given to this proviso, and the similar one in section 55, you nullify one of the very conditions which congress has said must exist before the manufacture is liable to the duty prescribed by the law of 1864; for the duties on spirits in a bonded warehouse, and the duties on goods in the possession of the manufacturer, held by him for sale, were not then due and demandable, although, in the case of specific duties—such as the duties on tobacco and spirits—the inspection and return had already given the data for calculating the duties. If you adopt the idea suggested in the argument, that there was no duty imposed on these manufactures in their condition on the 1st July, 1864, you strike down the whole of the proviso, for it includes only manufactures and productions on which duties were imposed by the previous acts, and the result is the same. I am gratified to learn that in the view I have thus taken of this question I am sustained by Judges Grier and Cadwallader, in the adjoining circuit. For although their decisions were made in cases involving the claim to impose the increased duty on spirits in the possession of the manufacturer or in a bonded warehouse on the 1st of July, the old or former duty having been paid, a careful perusal of these laws will show that in this particular there is no difference between those cases and the present one. The judgment will, therefore, be entered for the plaintiffs for the sum of $4,870.28, with costs.